# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

MILDRED CROWDER, as Personal
Representative of the Estate of Timothy
Johnson, Deceased                                                                   PLAINTIFF

v.                              3:18-cv-131-DPM

CITY OF MANILA, ARKANSAS;
JARED CAMP; and JACKIE HILL                                          DEFENDANTS

## INITIAL SCHEDULING ORDER

**1.** A defendant appeared on 31 August 2018. A draft Final Scheduling Order, including a trial date, is attached.

**2.** The parties should meet, confer, and file their Rule 26(f) report by **9 November 2018**. In addition to complying with Local Rule 26.1, the parties should estimate how many six-hour trial days are needed.

**3.** Based on the parties' report, the Court will either issue the Final Scheduling Order as proposed, issue a revised version of it, or hold a Rule 16(b) conference.

**4.** The Court encourages the parties to consider and confer now about consenting to the randomly assigned Magistrate Judge presiding over this case. Our Court's Magistrate Judges are able, experienced, and available.

**AT THE DIRECTION OF THE COURT**
**JAMES W. McCORMACK, CLERK**

**By:** <u>*/s/* **Sherri Black**          </u>
Courtroom Deputy to
Judge D. P. Marshall Jr.

<u>25 September 2018</u>

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**MILDRED CROWDER, as Personal Representative of the Estate of Timothy Johnson, Deceased**                                              **PLAINTIFF**

**v.**                           **3:18-cv-131-DPM**

**CITY OF MANILA, ARKANSAS; JARED CAMP; and JACKIE HILL**                           **DEFENDANTS**

## DRAFT FINAL SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b), the Court orders:

- Deadline to request any pleading amendment................................................**12 July 2019**

- Joint status report due ........................................ **12 August 2019**

- Plaintiffs shall identify all expert witnesses and produce their opinions by .................................................. **12 August 2019**

- Defendants shall identify all expert witnesses and produce their opinions by ............................................**11 September 2019**

- Plaintiff shall identify any rebuttal expert witnesses and produce their opinions by ............................................**26 September 2019**

- Discovery cutoff .................................................**11 October 2019**

- Dispositive motions due[1] .............................. **11 November 2019**

- Joint status report, including settlement conference request, due .............. **11 November 2019**

- Deposition designations exchanged[2] ................... **7 January 2020**

- Motions in limine due ....................................... **27 January 2020**

- Local Rule 26.2 pre-trial disclosure sheets due ......................................... **6 February 2020**

- Joint report on deposition designation disputes (if any) ..................................................... **6 February 2020**

- Trial briefs due .................................................... **6 February 2020**

- Jury Instructions (agreed or disputed) OR Stipulations on background facts due ............... **6 February 2020**

- Jury Trial, Jonesboro Courtroom 324 ..................... **9 March 2020**

- **Amending Pleadings.** Local Rule 5.5(e) requires a party to attach the proposed amended pleading to the motion. Please make this attachment a redline or comparison copy showing all proposed changes. Counsel should confer about proposed amendments. State in your motion to amend whether the change is agreed or opposed.

- **Protective Orders.** Before filing a motion for approval, counsel should email a draft order in WordPerfect or Word to chambers for review. Alert the law clerk on the case to the

---

[1] Note and follow the procedure specified *infra*.

[2] Note and follow the procedure specified *infra*.

draft's submission. Avoid legalese. Short, plain orders are better than long, complicated ones. Incorporate Fed. R. Civ. P. 5.2's mandate for redaction if practicable before any filing under seal. The order should remain in effect no longer than one year after litigation ends, not in perpetuity. Incorporate the procedure for discovery disputes, see *infra*, to cover disputes about whether a document is confidential.

- **Discovery Disputes.** Counsel should confer in good faith *in person* before bringing any discovery dispute to the Court. Do not file motions to compel. Do not file a motion to quash or for protective order unless there is an emergency. If the parties reach a discovery impasse, they should file a joint report explaining the disagreement. File this paper under the CM/ECF event called "Joint Report of Discovery Dispute". Your joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. Do not file a motion asking for more pages. Use double spacing and avoid footnotes. Attach documents (such as disputed written discovery or responses) as needed. Redact any attachments as required by Federal Rule of Civil Procedure 5.2 to protect confidential information. File the joint report sufficiently before the discovery cutoff so that the dispute can be resolved, and any additional discovery completed, without undermining other pretrial deadlines. The Court will rule or schedule a hearing. Alert the law clerk on the case to the joint report's filing. If a dispute arises during a deposition, call chambers so the Judge can rule during the deposition.

- **Summary Judgment.** Motions must comply with Federal Rule of Civil Procedure 56 and Local Rules 7.2 and 56.1. Make the complete condensed transcript of any deposition cited an exhibit. Limit your Rule 56.1 statements to *material* facts. Include a *specific* supporting record citation for each fact asserted. Responding statements of fact must repeat the statement being responded to—like a discovery response.

Include a *specific* supporting record citation for each fact disputed or asserted in the responding statement. A party's substantial failure to follow these procedures will result in the party having to correct its filing. If the summary judgment papers are voluminous, the Court would appreciate the parties sending a courtesy paper copy to chambers. Any movant may reply within seven calendar days of a response to a motion for summary judgment.

- **Deposition Designations.** The Court strongly encourages the parties to use live testimony, rather than testimony by deposition, at trial. If the parties nonetheless need to use deposition testimony, then they must use the following procedure. Thirty days before Local Rule 26.2 pre-trial disclosure sheets are due, the parties should exchange deposition designations. As soon as practicable thereafter, counsel must meet and confer in person. They should try hard to agree on what deposition testimony will be presented at trial and resolve any objections. If any dispute or objection remains unresolved, then the parties should file a joint report explaining the dispute on the same date pre-trial disclosure sheets are due. The parties must certify that they met and conferred in person but failed to resolve the disputed issue. The parties should also deliver to chambers a paper copy of the entire transcript of any deposition involved in any dispute.

- **Jury Instructions.** The Court will use its own introductory and general instructions. The parties should submit proposed instructions only on elements and anything unusual and proposed verdict forms. The Court strongly encourages the parties to confer and agree on these instructions and forms. The parties should also submit an agreed proposed statement of the case. Note authority on the bottom of the each proposed instruction. Please explain the reason for any disputed instructions in your submission. Send agreed and disputed instructions in WordPerfect or Word to

      [dpmchambers@ared.uscourts.gov.](mailto:dpmchambers@ared.uscourts.gov) Alert the law clerk on the case that you have submitted the instructions.

- **Exhibits.** The Court strongly encourages the parties to agree on as many of the exhibits as possible. Deliver the original exhibits, and one copy, in three-ring binders to the Courtroom Deputy on the Wednesday before trial starts. Please also include an electronic copy.

- **Pre-Trial Hearing.** It will be set by separate notice. We will address motions in limine, deposition excerpts for use at trial, jury instructions, trial architecture, exhibits, and voir dire.

- **Conflicts Of Interest.** Counsel must check the Court's recusal list on file in the U.S. District Clerk's Office to determine whether there is any conflict that might require recusal. If any party is a subsidiary or affiliate of any company in which the Court has a financial interest, counsel should bring that fact to the Court's attention immediately.

Please communicate with Sherri Black, Courtroom Deputy, by e-mail at *sherri_black@ared.uscourts.gov* to check your position on the calendar as the trial date approaches. In the event of settlement, advise Sherri Black immediately.

                                      **AT THE DIRECTION OF THE COURT**
                                      **JAMES W. McCORMACK, CLERK**

                                      **By:**   **/s/ Sherri Black**
                                                  Courtroom Deputy to
                                                  Judge D. P. Marshall Jr.

                                                  <u>25 September 2018</u>