UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MILDRED CROWDER as Personal
Representative of the ESTATE OF
TIMOTHY JOHNSON, deceased                                    PLAINTIFF

v.                          No. 3:18-CV-00131-DPM

CITY OF MANILA, ARKANSAS,
JARED CAMP, individually, and
JACKIE HILL, individually                                    DEFENDANTS

## AGREED PROTECTIVE ORDER

The parties, through discovery, may produce private and sensitive information. In order to permit the parties adequate access to the records necessary to completely present this case herein, and, at the same time address privacy concerns, it is hereby, ORDERED, ADJUDGED, and DECREED as follows:

1. Plaintiff has requested copies of Defendants', Jared Camp and Jackie Hill, personnel files, and Defendants have requested information, including but not limited to medical and employment releases, both of which contain and may lead to information of a private and sensitive nature. The parties agree that a protective order should be entered before these documents are provided during discovery. All personal information such as addresses, medical information, mental and physical health, social security numbers, phone numbers, and other personal identifying information are considered private and sensitive and will be redacted.

2. Any private and sensitive information produced in response to discovery requests as provided in Paragraph 1 above shall be considered confidential.

3. Information designated by the parties as "Confidential" that has not been

1

redacted must not be filed on the public docket. If practical, information designated as "Confidential" will be redacted pursuant to Fed. R. Civ. P. 5.2. If an entire page contains information designated as "Confidential," substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impractical, a party must move for permission to file any information designated as "Confidential" and a related motion, brief, or paper, containing that material under seal. The moving party must justify sealing with specifics and solid reasons, including an explanation about why redaction cannot be done.

4. If any disagreement arises about the implementation of this Order, the parties must file a joint report of the discovery dispute according to the instructions in the Final Scheduling Order.

5. All confidential information provided hereunder shall be used for the purpose of this litigation and none of the confidential material may be used for any other purpose whatsoever without a new request for the material. Moreover, neither Plaintiff, Defendants, or their counsel may utilize directly or indirectly the confidential records, documents, or other information made available pursuant to this Order in any other administrative complaint, proceeding, or civil action without a new request.

6. All records, documents, tapes, or otherwise containing confidential information provided hereunder shall be retained in the custody of the Plaintiff's or Defendants' counsel including their paralegal, secretarial staff, and/or other staff members, during the pendency of this litigation. Plaintiff's and Defendants' counsel may also provide copies of such records, documents, or other material containing confidential information to any expert witness[es] retained by the Plaintiff or Defendants or persons

frequently employed by such expert[s] whose review of the material is necessary for the Plaintiff's and Defendants' prosecution in this litigation.

7. If documents or records containing confidential information are used during depositions, all portions of the deposition that references the confidential information shall be treated as confidential in accordance with this Order.

8. Plaintiff, Defendants, their respective counsel and their staff, and the retained expert witness/witnesses shall not in any manner, directly transfer confidential information provided hereunder or copies thereof, or communicate, orally or in writing, any of the data contained in said material to any person.

9. Plaintiff's counsel and Defendants' counsel promptly upon completion of this litigation, or before if at such time they have no further use of the confidential information, whichever shall first occur, shall return to the Defendants and Plaintiff all materials produced, and all copies and extracts of data from such materials or shall destroy same.

10. This Protective Order shall govern all pre-trial proceedings, but shall be subject to modification either before, during, or after the trial on the merits, upon application of any of the parties to this lawsuit and for good cause shown.

11. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate Order of this Court.

12. This Order is without prejudice to the rights of any party to make objections to the discovery as permitted by the Federal Rules of Civil Procedure, or by any statute or other authority.

13. This Order will be in effect for one year after the end of the case, including any appeal. After that, the obligations imposed will continue, but only as a matter of contract between the parties.

IT IS SO ORDERED on this _13th_ day of _October_____, 2020.

_____
THE HONORABLE D.P. MARSHALL JR.
UNITED STATES DISTRICT JUDGE

Approved as to Form:

/s/ Gabrielle Gibson
Gabrielle Gibson
Attorney for Defendants

/s/ Morris W. Thompson
Morris W. Thompson
Attorney for Plaintiff